UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BELL, | ) | |
| | ) | Case No. 13 CV 2304 |
| Plaintiff, | ) | |
| | ) | Judge Andrea R. Wood |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Adam Rose ("Defendant"), by one of his attorneys, Scott Aaron Cohen,

Assistant Corporation Counsel, submits the following Answer to Plaintiff's Complaint,

Affirmative Defenses, 12(b)(6) Defenses, and Jury Demand.

**PREFATORY STATEMENT**

Defendant has attempted in good faith to address each and every allegation of Plaintiff's

*pro se* complaint contained in the Plaintiff's handwritten complaint form.  Defendant has

endeavored to set forth all of Plaintiff's assertions. However, due to the style of the complaint, it

is impossible to assure that all allegations have, indeed, been addressed. For this reason,

Defendant generally denies each and every allegation which may not have been specifically

addressed in his answer. Defendant, for his answer to Plaintiff's Complaint, states as follows:

1.      On the night of July 24, 2011, between 10:30 p.m. and midnight, the Plaintiff sat
in the front seat of his sister's car, & as she drove her car heading south on 79th & Rhodes Streets
in Chicago, IL, a woman sitting in the passenger seat of a parked car on the block opened the
door which caused it to hit the driver-side front-end of Plaintiff's sister's car.

**ANSWER:**     Defendant denies upon information and belief that Plaintiff was not driving.

Defendant lacks knowledge or information sufficient to form a belief as to the remaining

allegations in this paragraph.

2.      Once Plaintiff's sister stopped her car immediately after it was hit by the passenger door of the parked car, Plaintiff exited to see what damage was done to both vehicles, as the woman in the parked car told Plaintiff that she was calling her boyfriend "Derrick" (whose full & correct name is presently unknown to Plaintiff).

**ANSWER:**    Defendant denies upon information and belief that Plaintiff was not driving.

Defendant lacks knowledge or information sufficient to form a belief as to the remaining

allegations in this paragraph.

3.      Shortly thereafter, Derrick and a friend of his arrived at the accident scene and they both became very hostile & irate with Plaintiff because and/or as Plaintiff tried to negotiate a deal to settle the costs of damages/insurance balance. This prompt the woman who caused the damage to Plaintiff's sister's car to call 9-1-1.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

allegations in this paragraph.

4.      Derrick and his friend attempted to rob Plaintiff for his money, which resulted in all three of them fighting as a marked squad car pulled up.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

5.      As Plaintiff was being attacked, Defendant Adams got out of his squad car and began to also assault and beat Plaintiff without provocation instead of arresting the other two men described in the Complaint, as Defendant Off. Doe stood idly by and watched the beating by his partner unfold.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

6.      Defendant Adams then put handcuffs on Plaintiff so extremely tight that it caused Plaintiff to sustain unwarranted, great pain as Adams dragged and pulled Plaintiff over to the squad car and repeatedly slammed Plaintiff's face unto the hood of the squad car without provocation, which caused Plaintiff to endure dizziness, more pain & suffering before being thrown inside the squad car by Adams, as Defendant Doe watched.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

7.      Defendants Adams & Off. Doe documented Plaintiff's sister's information that she provided, allowed her to leave the scene, had her car towed for impound, and drove Plaintiff

to the police station located on the 7800 block of South Halsted Street in Chicago, IL

**ANSWER:** Defendant admits that the 2008 Buick was impounded and that Plaintiff was

transported to the 6th District police station but denies the remaining allegations contained in this

paragraph.

8. While at the police station, Defendant Doe stood idly by & watched as Defendant
Adams handcuffed Plaintiff to a ring on the wall, pulled out a metal rod/stick and, without
provocation, began to hit Plaintiff with great & extreme force about the head, legs & body, and
Adams ripped out the screw-in-type earrings from Plaintiff's ears, causing Plaintiff to sustain
unnecessary pain & suffering, swollen face, head, legs & knees, permanent marks, bruises &
disfigurement, and the loss of blood and damage to Plaintiff's clothing therefrom.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

9. Although the beating that Defendant Adams inflicted upon Plaintiff at the
accident scene was witnessed by all individuals who were on location, the entirety of the
Plaintiff's beating at the police station was video recorded by cameras installed therein.

**ANSWER:** Defendant denies beating Plaintiff and therefore denies that any beating was

witnessed or video recorded.

10. Defendants Adams & Off. Doe denied Plaintiff's requests for medical attention
for his injuries and a phone call to his attorney and family, and Adams told Plaintiff that the CPD
& him were the biggest gang in the City and that he (Adams) will kill Plaintiff and his family if
Plaintiff ever thought about reporting the beatings to anyone or to the courts.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

11. Defendant Adams maliciously prepared & submitted false, unfounded & frivolous
arrest reports and complaints to the office of Defendant State's Attorney with allegations of
various felony battery and traffic offenses committed by Plaintiff, which thereby commenced
criminal proceedings (in People v. Bell; Cook County Circuit Court Case No. 11 CR-1259401)
against Plaintiff without probable cause.

**ANSWER:** Defendant denies the allegations contained in this paragraph. [1]

12. At a hearing held in the circuit court, the judge ordered that all of Plaintiff's

---

[1] Since this *pro se* complaint was filed, Plaintiff plead guilty to the charge of aggravated DUI in his criminal case.
Plaintiff's court-appointed attorney has represented in court that the only claim being brought by Plaintiff is that of
excessive force.

injuries be photographed, after bail was set. Those photos are currently in the custody of Defendant State's Attorney.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the

allegations in this paragraph.

13. After Plaintiff posted bond & was released from the Cook County Jail, Plaintiff and his family endured irreparable injury and moved out of Chicago as a direct result of Defendant Adams' death threats which Plaintiff & his family fear and believe.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to

whether Plaintiff was released from custody during the pendency of his criminal court case and

whether he moved. Defendant denies the remaining allegations contained in this paragraph.

14. Defendant City of Chicago has maintained official policies and customs which violated Plaintiff's rights and caused or otherwise condoned and/or approved of the injuries inflicted by the Defendants as described in this Complaint.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

15. The Defendants' acts & omissions were willful, intentional, wanton, malicious, knowingly and/or done with deliberate, reckless indifference to the rights of Plaintiff, and caused Plaintiff to endure unwarranted pain, suffering, physical injuries, financial and property loss, mental anguish & emotional distress, including sleep deprivation from head & body pain, bad dream & anxiety attacks for which medical & mental health treatments have been and will continue to be administered to Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

16. At all times stated herein, the Defendants and each of them acted under color of state law.

**ANSWER:** Defendant admits that he acted under color of state law on the date of Plaintiff's

arrest.

17. Attorney Paul O. Szigetvari conspired with the state to withhold documentary evidence from Plaintiff in an attempt to cover-up official misconduct on part of the Chicago Police during the interim of the Plaintiff being beating and for purposes of letting the statute of limitations expire for Plaintiff to file a civil rights lawsuit against all involved.

4

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph. Answering further, Defendant denies engaging in the wrongdoing alleged in this paragraph.

## AFFIRMATIVE DEFENSES

1.      Defendant is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronted by Defendant, could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant therefore, is entitled to qualified immunity as a matter of law.

2.      To the extent Plaintiff has alleged state law claims against Defendant, Defendant is not liable because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omission constitute willfull and wanton conduct. Defendant's conduct was neither willfull nor wanton. 745 ILCS 10/2-202.

3.      To the extent Plaintiff has alleged state law claims against Defendant, Defendant is not liable for any of the claims alleged because a public employee acting within the scope of his or her employment is not liable for an injury caused by the acts or omissions of another person.

4.      Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to Plaintiff for any state law claims if its employees are not liable to Plaintiff. 745 ILCS 10/2-109 (2004).

5.      The City of Chicago is not liable to Plaintiff for any federal claims for which its

5

employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796,

799 (1986).

6.      To the extent Plaintiff has alleged state law claims against Defendant, Defendant

is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or

contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not

allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (Ill. 1979) (internal

citations omitted).

## 12(b)(6) DEFENSES

1.      To the extent that Plaintiff brings a claim for false arrest, this claim is precluded

due to his guilty plea in the underlying criminal case. *Heck v. Humphrey*, 512 U.S. 477 (1994).

2.      To the extent that Plaintiff brings a state law malicious prosecution claim, this

claim is precluded because Plaintiff's underlying criminal case did not terminate in a manner

indicative of innocence. *Swick v. Liautaud*, 662 N.E.2d 1238 (1996).

## JURY DEMAND

Defendant hereby demands a jury trial as to all issues so triable.

**DATED: April 28, 2015**

Respectfully submitted

/s/ Scott Aaron Cohen
Scott Aaron Cohen
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-2568
(312) 744-6566 (FAX)
ATTY. NO. 6292577