```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

MICHAEL BELL,                        )  Docket No. 13 C 02304
                                     )
              Plaintiff,             )  Chicago, Illinois
                                     )  July 18, 2013
         v.                          )  9:25 a.m.
                                     )
CITY OF CHICAGO, et al.,             )
                                     )
              Defendants.            )

                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE VIRGINIA M. KENDALL


APPEARANCES:


For the Defendant       CITY OF CHICAGO, DEPARTMENT OF LAW by
Officer Rose:           MR. SCOTT AARON COHEN
                        30 North LaSalle Street
                        Chicago, Illinois  60602











Court Reporter:         GAYLE A. McGUIGAN, CSR, RMR, CRR
                        Federal Official Court Reporter
                        219 South Dearborn, Room 2318-A
                        Chicago, Illinois 60604
                        (312) 435-6047
                        Gayle_McGuigan@ilnd.uscourts.gov
```

```
 1          (In open court:)
 2              THE CLERK:  13 C 2304, Bell versus City of Chicago.
 3              MR. COHEN:  Good morning, your Honor.
 4              Scott Cohen on behalf of Officer Rose.
 5              THE COURT:  Okay.  Good morning.
 6              Do you have the phone number for Mr. Bell?
 7              MR. COHEN:  I do.  Can I read it to you?  It's on my
 8   phone.  Is that okay?
 9              THE COURT:  Do you want to write it down?
10              THE CLERK:  Okay.
11              MR. COHEN:  815-727-3607.
12              THE CLERK:  Will there be an extension?
13              MR. COHEN:  It says to hit zero for the operator, and
14   then 7918 is the extension.
15          (Courtroom Deputy Places Call.)
16              THE COURT:  May I speak with Michael Bell?
17              This is Judge Kendall calling for a status.
18              VIA PHONE:  Sure.  One second.  I'll get him.
19              THE COURT:  Thank you.
20              THE PLAINTIFF:  Yes, ma'am.  Good morning.
21              THE COURT:  Good morning, Mr. Bell.  Judge Kendall
22   here.
23              THE PLAINTIFF:  Yes, ma'am.
24              THE COURT:  And for the record, sir?
25              MR. COHEN:  For the record, Scott Cohen, C-O-H-E-N,
```

1  for Officer Rose.
2      THE COURT: Okay. Mr. Cohen, can you fill me in on
3  anything that's going on, please?
4      MR. COHEN: This is the initial status where we've had
5  Mr. Bell on the phone. Nothing has happened. Our answer is
6  due next week.
7      I recently learned that Mr. Bell's underlying criminal
8  matter is actually still pending.
9      THE COURT: Okay.
10     MR. COHEN: So I think I'm just going to file a motion
11  to stay the case next week is my answer.
12     THE COURT: Okay. So, Mr. Bell, did you file -- the
13  suit that you filed against Mr. Adams -- Officer Adams, Officer
14  John Doe, Anita Alvarez, and Paul, what looks like Szigetrari?
15     THE PLAINTIFF: Yes, ma'am.
16     THE COURT: Is that the same matter that you're
17  currently incarcerated on with a criminal matter pending?
18     THE PLAINTIFF: Yes. It should -- it should be ending
19  September the 9th, because October the 30th of 2012, the
20  matters had -- was brought about. And they newly elected
21  another case. And they reset it for trial January the 30th.
22  And the witnesses did not show January the 30th of 2013. But
23  due to me dealing with a public defender and I had no more
24  money and attorney that -- Paul Olswenditeria (phonetic), if
25  I'm pronouncing his name right, was conspiring with the State.

1  They had switched the case load number to my case that I'm
2  going back to receive a one-year sentence on driving on a
3  misdemeanor suspended license, which now they set for trial
4  again, which is September the 9th.  And the matter should be
5  dropped because there is no currently charges on the matter
6  anymore.  All 12 of the charges has been dropped.  And they
7  made up a frivolous driving on suspended on a matter, when I
8  had explained to the judge that I wasn't even behind the wheel
9  of the car in these matters here.
10         THE COURT:  Okay.  So let's go -- let's start with
11 this first.  Let's start with the complaint that you filed in
12 my court.
13         And you say that these officers hurt you during an
14 arrest.  Correct?
15         THE PLAINTIFF:  Yes, ma'am.
16         THE COURT:  And what did they arrest you for?
17         THE PLAINTIFF:  At the time he didn't tell me, because
18 the two assailants that I was fighting, everything was so in a
19 hostile moment that when I got -- I understand what he told me
20 that I was the oppressive one.  And at the time when it took
21 place, I'm explaining to him that they robbed me.  They -- the
22 lady had -- we had discussed $150 for the little fender-bender.
23 She said she had two $100 bills, that she needed change.  And
24 so when I gave her the change for the two $100 bills, her
25 boyfriend Derrick snatched the money from her.  And his friend

1  had a -- I believe a .38 caliber gun in his pocket. But they
2  didn't know that when they went to get the gun or whatever that
3  she had called -- my sister had told her to call the police,
4  911, so they can verify the transaction on paper about they
5  settled the matter for $150.
6        So when they came back and he took the money that they
7  say me giving her the change from, the police was coming up at
8  the same direct time. And me being the person that I am and my
9  pride got in the way, we got to fighting right there on the
10 scene.
11       THE COURT: All right. So were you charged with
12 fighting on the scene?
13       THE PLAINTIFF: Yes, ma'am. They gave me -- I was
14 charged with a battery on the guy Derrick, and then the police
15 put attempted assault and battery on the police officer. He
16 said I attempted to strike him. You know, this is -- I had 12
17 charges. I can't remember the other frivolous charges, but
18 that's -- I had 12. But those was the ones -- at the time I
19 was on parole, and the one -- the one that he said that I was
20 charged with trying to strike an officer caused me to get my
21 parole violated. And so it sends me here to Stateville in
22 2011, I believe in July.
23       THE COURT: Okay. So all of those charges that are
24 stemming from that fight are the charges that you are currently
25 waiting for to have some resolution in the state court, right?

1   THE PLAINTIFF: Yes, ma'am. September the 9th,
2   everything should be dropped. That's -- that's what --
3   THE COURT: Right. Okay.
4   And you have a public defender in that case, right?
5   THE PLAINTIFF: Yes, ma'am. Her name --
6   THE COURT: Okay. So normally what we do in a
7   situation like this is we hold off on addressing your
8   complaints until we get your criminal matter taken care of.
9   And that's a bit of a protection for you as well --
10  THE PLAINTIFF: Yes, ma'am.
11  THE COURT: -- so that we don't have people making
12  statements or incriminating themselves in the state court
13  matter.
14  THE PLAINTIFF: Yes, ma'am.
15  THE COURT: Okay? So what I'm going to do is I will
16  stay this pending the criminal case, and I'll do it for 90
17  days. I think hopefully something will be resolved state-side
18  in September. If it gets resolved earlier than that, then
19  please contact the Court so we get it back on track.
20  THE PLAINTIFF: Yes, ma'am.
21  I don't have any information on the attorney you may
22  have appointed for me. Would he mail me a letter, if that's
23  possible?
24  THE COURT: I don't think you have an appointed
25  attorney. Let me see.

1                MR. COHEN:  I don't believe so.
2                THE COURT:  I think -- you're pro se.  I didn't give
3    you a lawyer yet.
4                THE PLAINTIFF:  I was waiting to receive something to
5    let you know I don't have no attorney, and I was asking if I
6    could ask the Court for an attorney.
7                THE COURT:  Right.  I don't automatically appoint an
8    attorney in a civil case.
9                THE PLAINTIFF:  Yes.
10               THE COURT:  You get an attorney in a criminal matter,
11   but you're not entitled to an attorney in a civil case.
12               THE PLAINTIFF:  Could I locate my own?
13               THE COURT:  Well, you can if you -- if you have the
14   ability to.
15               But the reason that I'm not going to do it yet in this
16   case is we need to make sure that the charges that you've
17   pressed in my case here can still go forward because I can't
18   give you an attorney under the statute if you can't state a
19   claim that could get you some relief here in court.
20               And right now, I don't know, because, for example, if,
21   you know, you are charging wrongful arrest and then you are
22   convicted of that charge, you've got a problem with your case.
23               So let's just find out what happens in the state
24   court.  We can readdress the issue of representation at a later
25   date.  Okay?

```
 1             THE PLAINTIFF:  Yes, ma'am.
 2             THE COURT:  Okay.  Do you have anything you want to
 3   add to all this?
 4             MR. COHEN:  It is my understanding that his case is
 5   set for trial in September.
 6             THE COURT:  Okay.  So if it gets resolved, please call
 7   us and we'll move it up.  All right?  I'm a pessimist with
 8   their dates.
 9             All right.  Do you want me to -- let me just pull a
10   date for you.
11             Why don't I move you into October.  October 9 at 9:00
12   a.m.  Okay?
13             MR. COHEN:  That's fine.
14             THE COURT:  All right.  October 9 at 9:00 a.m.  We'll
15   call.
16             THE PLAINTIFF:  Yes, ma'am.
17             THE COURT:  All right.  Thank you.
18             THE PLAINTIFF:  Thank you.  And have a blessed day and
19   a good morning.
20             THE COURT:  And you, too.
21             THE PLAINTIFF:  Yes, ma'am.
22             MR. COHEN:  Thank you, your Honor.
23             THE COURT:  Sure.  Thank you.
24        (Proceedings concluded.)
25
```

1                         C E R T I F I C A T E

2     I certify that the foregoing is a correct transcript of the

3 record of proceedings in the above-entitled matter.

4

5

6 */s/ GAYLE A. McGUIGAN*               *April 30, 2015*
  Gayle A. McGuigan, CSR, RMR, CRR          Date
  Official Court Reporter

7

                                      *April 30, 2015*

8 Gayle A. McGuigan, CSR, RMR, CRR          Date
  Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25